And that plaintiff replied:
"That is satisfactory to me."

The plaintiff had earned his commissions when he procured Smith, who was ready and willing and able to take the lease on the defendants' terms. Although he acquiesced in the remark of the defendants, he was not bound to forego his commissions, if Smith never paid the $9000 or executed the lease. There is no pretense that the defendants stated to the plaintiff that they would not accept Smith, or execute the agreement, unless the plaintiff would make the payment of his commissions conditional upon payment by Smith. Plaintiff's acquiescence in the suggestion, if he did acquiesce, which he denies, was not a binding contract, because it was without consideration. As the proof stood at the close of the case, the plaintiff was entitled to a direction of verdict.

The learned trial judge submitted the case to the jury on the theory that the defendants' acceptance of the tenant was conditional upon the plaintiff receiving no commissions unless the lease was actually made and the tenant paid the stipulated amount. The facts as disclosed by the record show no such agreement. While the language of the court in this respect was not directly excepted to, the various requests on the part of the plaintiff, which the learned court refused to charge, fully present the question. On Smith's refusal to execute the lease, the defendants brought action against him for specific performance, alleging their contract with him and tender and refusal on his part. Shortly thereafter they withdrew that action, and gave Smith a general release. The complaint and release were offered in evidence by the plaintiff, and excluded. These papers were competent evidence, not only as admissions on the part of the defendants, but for the purpose of showing that, if they had any valid agreement with the plaintiff to postpone the payment of his commissions, they had voluntarily put it out of their power to collect from Smith.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, J., dissents.

---

(134 App. Div. 482.)

EMMI v. RYAN-PARKER CONST. CO.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

PLEADING (§ 323*)—BILL OF PARTICULARS.

Where the order for a bill of particulars, in an action for wrongful death resulting from defects in the machinery used by defendant called for facts as to which it would be unreasonable to believe plaintiff could have personal knowledge, it was proper to qualify the order, so as to require the same only so far as they are within plaintiff's knowledge or information, and, if plaintiff is unable to give the details required, a statement on oath to that effect would be sufficient.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 323.*]

•Appeal from Special Term, New York County.

Action by Raiti Emmi, as administratrix of the goods, chattels, and credits of Salvatore Emmi, deceased, against the Ryan-Parker Construction Company. From a portion of the order directing service of a bill of particulars, defendant appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

William L. O'Brion, for appellant.
Adolphus D. Pape, for respondent.

SCOTT, J. The action is for the death of plaintiff's intestate, resulting from the upsetting of a box of concrete. The complaint alleges that the accident was caused by defendant's negligence, and by reason of defects in the condition of the ways, works, machinery or plant used by defendant.

The order appealed from requires plaintiff to furnish particulars as follows: First, wherein the place where plaintiff's intestate was working was insecure, defective, and unsafe, as alleged in paragraph "fifth" of the complaint; second, wherein the tools, implements, and machinery supplied plaintiff's intestate were unsafe, improper, and defective, as alleged in paragraph "fifth" of the complaint; third, exactly where was plaintiff's intestate at the time he was adjusting the box referred to in paragraph "fifth" of the complaint; fourth, a specification of what caused the box or receptacle to turn over, as alleged in paragraph "fifth" of the complaint; fifth, a specification of each and every defect plaintiff claims existed in the ways, works, and machinery connected with or used by said defendant at said place, as alleged in paragraph "sixth" of the complaint.

The defendant appeals against the qualifying clauses, reading as follows:

"Further ordered, that the bill of particulars as ordered above shall only be furnished by the plaintiff in so far as the same is within the knowledge or information of the plaintiff; and it is further ordered, that if the plaintiff is unable to give the details required by this order, she should state on oath that she is unable of her own personal knowledge to furnish the same."

The first four items call upon plaintiff to state, as of her own knowledge, certain matters concerning which it would be unreasonable to believe that she can have personal knowledge. It does not appear, and is not probable, that she was on the spot when the accident happened, and whatever knowledge she has of the conditions as they then existed must of necessity be obtained from others. The fifth item of particulars required calls upon plaintiff to specify the defects, etc., which she claims existed. As to this, of course, the qualifying provisions of the order cannot apply; for it would be a mere evasion for plaintiff to swear that she cannot give a detailed statement of what she claims. If plaintiff is evasive in her replies, it will be open to defendant to move further.

Order affirmed, with $10 costs and disbursements to respondent. All concur.